**Marcia Y. Phillips, Esq., FLM & Associates, L.L.C.**
1900 Market Street, Suite 800
Philadelphia, Pennsylvania, PA 19103

PO Box 625
Moorestown, NJ 08057
Tel: 856 282-1100
Toll Free Fax: 888 303-2922
Email: theladyjustice@outlook.com
Licensed in N.J. & Pennsylvania

February 2, 2018

Hon Andrew B. Altenburg, Jr.,  USBJ
US Bankruptcy Court of NJ
400 Cooper Street
Camden, NJ 08101

Re:  John O Poindexter, Debtor/Case No. 17-35746 ABA:  Opposition to Bad Faith Argument

Dear Judge Altenburg:

Please accept this letter brief in opposition to creditor's application for bad faith.

Please excuse the brief delay in this submission.  We did not have this response properly scheduled.  We believed it was due this week.  I apologize. Our kids were sick for the last two weeks with the flue.

With respect to the merits, first, your honor, attorney Nona Ostrove for the Le Club Condominium Association objected to our application to extend time to file schedules.  She did not raise a motion for bad faith.  Accordingly, we object to the conversion of her objection to a motion for bad faith.  My opponent should have been made to file a formal motion with the facts and laws supporting her motion so that we could properly respond to her correct form.  She objected to our request for an extension to file documents, and she lost her argument, as your honor granted the extension, which is commonly done.  We respectfully submit that this should have been the end of the argument unless and until she raised a more formal motion alleging bad faith.

Second, debtor filed all petitions in good faith.  Debtor was/is battling various illnesses and had surgeries and other significant surgical procedures, including hip replacement surgery, steroid injections and numerous pain medications throughout 2017.  This created a drastically reduced work schedule and income.  It also caused a significant delay in his ability to gather documents together to prepare various tax returns for both himself and his business.  Since he was beginning to feel better and have more energy in recent months, he was finally able to prepare various tax returns so that he could complete his chapter 13 proceeding.

Third, due to the nature of this filing, it is unclear what my opponent is seeking. If she is seeking a dismissal for bad faith, then there are less drastic measures found within the code that can be used to allow debtor to continue to seek relief. In the unlikely chance that debtor would be found to not have possessed good faith in this filing, then the sole debt owed to the condominium association could be excepted from discharge. However, it is to be noted that debtor is seeking a loan modification whereby the condominium association dues would be payable through an approved loan modification. This means that my opponent's client would get monies within this process.

Finally, there are other safeguards within the code that likewise curtail any abusive nature to this or any other debtor besides dismissal. These include relief under codes sections 727, 523(a), 303(1), 305 and 548.

There is no significant prejudice to creditor herein that cannot be addressed to the intended and ongoing loan modification process.

As of this moment, debtor has supplied all documents and a feasible chapter 13 plan. Please excuse the delay in filing same, as per your honor's instructions. The undersigned was locked out of the system on the day it was due and ended up filing all weekend into the following Monday. Moreover, the clerk assured the undersigned that all missing documents were filed as of Monday and that the notice that anything was missing crossed in the mail and was issued that Saturday January 27, 2018; and in fact that this notice was sent in error. The clerk indicated to me that she would file an error message on the docket to this effect.

Also, I am waiting for medical evidence and/or additional information from my client to support this opposition to this "bad faith" filing claim. He has had hip surgery(ies), severe pain management injections, etc.

In addition, we seek a new date for oral argument as we were recently retained on an emergency domestic violence matter in state court on the same date.

Thank you for your attention and consideration to this matter.

Respectfully,

*Marcia Y. Phillips, Esq., Esq.*

Marcia Y. Phillips, Esq.
**Marcia Y. Phillips, Esq. LLM & Associates, LLC**
**Attorney ID:** 3971989
Counsel for Debtor


cc:     Nona Ostrove, Esq.

John O. Poindexter
Chapter 13 Standing Trustee